UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOP, LLC                                                                    CIVIL ACTION

VERSUS                                                                      NO. 10-1423

MAURICE S. KANSAS ET AL.                                    SECTION "K" (2)


**FINDINGS AND RECOMMENDATION**

Upon granting the motion for summary judgment of plaintiff, NOP, LLC, dismissing the counterclaim of defendants, Maurice S. Kansas and Sally S. Kansas, and denying defendants' cross-motion for summary judgment, the presiding district judge entered judgment in favor of NOP, LLC and against defendants Maurice S. Kansas and Sally S. Kansas. Record Doc. Nos. 34 and 36. In that judgment, the district judge declared that the "obligations [of defendants, Maurice S. Kansas and Sally S. Kansas,] for reasonable attorney's fees and costs include not only all reasonable attorney's fees and costs incurred by NOP, LLC in enforcing payment under the continuing guaranties of the defendants and in executing on this judgment but also the reasonable attorney's fees and costs incurred by NOP, LLC in enforcing and collecting the promissory note in the original principal amount of $6,000,000 dated July 18, 2005 and all indebtedness of Cambridge Realty West, L.L.C., the maker of the promissory note, including without limitation all reasonable attorney's fees and costs incurred by NOP, LLC in the

foreclosure proceedings filed by NOP against Cambridge Realty West, L.L.C. and in the bankruptcy proceedings of Cambridge Realty West, L.L.C." Record Doc. No. 36, at pp. 1-2.

The district judge referred to me "determination of the amount of attorney's fees and costs to be awarded to NOP, LLC in accordance with the . . . Judgment . . . to make a recommendation and report to the Court as to the amount of attorney's fees and costs that should be assessed against defendants consistent with this Judgment." Id. at p. 2.

Following entry of the referral order, Record Doc. No. 34, I issued an order establishing deadlines for submission of plaintiff's motion for attorney's fees and defendants' opposition memorandum. Record Doc. No. 35.

NOP timely filed its motion, in which it seeks a total of $250,828.64, including $223,201.25 in attorney's fees and reimbursable costs in the amount of $27,627.39. Record Doc. No. 37. The motion is supported by substantial evidence, including the affidavit of plaintiff's counsel, Jack M. Alltmont; counsel's detailed contemporaneous billing statements to plaintiff; copies of cost invoices; and various materials from the underlying matters, including court docket sheets.

No memorandum in opposition to plaintiff's motion for attorney's fees was timely filed or has ever been submitted by defendants. Accordingly, the motion is deemed to be unopposed.

Having reviewed the written submissions of the parties, the record and the applicable law, and for the following reasons, I find and recommend that NOP should be awarded the full requested amount of $250,828.64 in recoverable attorney's fees and costs, essentially for the reasons suggested in plaintiff's submissions and based on the following standards.

This is a breach of contract case brought in this court pursuant to its diversity of citizenship jurisdiction. Thus, the court must apply Louisiana law in determining the quantum of these amounts. Cates v. Sears, Roebuck & Co., 928 F.2d 679, 689-90 (5th Cir. 1991). The recovery sought by plaintiff is predominantly attorney's fees. Any award of attorney's fees under Louisiana law must be reasonable.

Under Louisiana law, a "reasonable attorney's fee is determined by the facts of an individual case. In making awards for attorney's fees, the trial court is vested with great discretion . . . ." Richardson v. Parish of Jefferson, 727 So. 2d 705, 707 (La. App. 5th Cir. 1999) (citation omitted); accord Peyton Place, Condo. Assocs., Inc. v. Guastella, 18 So. 3d 132, 146 (La. App. 5th Cir. 2009); Ollis v. Miller, 886 So. 2d 1199, 1209 (La. App. 2d Cir. 2004). "The fundamental measure of attorney's fees is reasonableness, considering the factors set forth by Rules of Professional Conduct R. 1.5 [now Rule 1.5(a)]." Mayeur v. Campbell, 666 So. 2d 366, 370 (La. App. 1st Cir. 1995). "An award of attorney fees must be reasonable based on the degree of skill and work involved in the

3

case, the number of court appearances, the depositions, the office work and the time spent in court." Frentress v. Howard, 728 So. 2d 1019, 1022 (La. App. 2d Cir. 1999) (citation omitted); accord Ollis, 886 So. 2d at 1209.

Thus, the factors to be taken into consideration in determining the reasonableness of attorney's fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. Richardson, 727 So. 2d at 707 (citing Rivet v. State Dep't of Transp. & Dev., 680 So. 2d 1154, 1161 (La. 1996)); accord Peyton Place, 18 So. 3d at 146-47. These factors are derived from Rule 1.5(a) of the Rules of Professional Conduct, which currently provides:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Although the first sentence of Rule 1.5(a) was amended in 2006, its substance and the specific factors listed have not been changed since Richardson was decided. (The first sentence of Rule 1.5(a) previously stated: "'A lawyer's fee shall be reasonable.'" Richardson, 727 So. 2d at 708 (quoting Rule 1.5(a) then in effect)). In determining an award, the court should consider the entire record. Id. at 707.

The factors in Rule 1.5(a) of the Louisiana Rules of Professional Conduct are essentially similar to those considered under the federal lodestar analysis, which were originally set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974). Because the fundamental requirement of reasonableness and the factors used under Louisiana law are substantially similar to the federal lodestar method, I will use the lodestar analysis to determine a reasonable amount of attorney's fees.

Determination of a reasonable attorney's fee is a two-step process that begins with determination of the lodestar amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pa. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S.

6

Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Heidtman, 171 F.3d at 1043. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

The attorneys for whom NOP seeks fees are Jack M. Alltmont, Peter S. Title, J. David Forsyth, April L. Watson, Brandon H. Robb and Renee Bourg of the law firm Sessions, Fishman, Nathan & Israel, LLC. NOP's Exh. B, Record Doc. No. 37. Although NOP has not provided any independent evidence concerning the qualifications, experience, skill or customary hourly rates of any its attorneys, the billing statements submitted by these lawyers to their client in the ordinary course of business, which have been submitted to the court, coupled with my familiarity with these attorneys based upon their appearances before me, is evidence adequate to sustain their initial burden. The

great bulk of the requested fees is attributable to work performed by Alltmont, Forsyth and Title.  All three of these lawyers are preeminent in their respective fields of commercial litigation, bankruptcy, and real estate transactions.  Each has experience at the bar of at or approaching 40 years.  Their reputations are sterling and their work before me has been uniformly excellent.

The evidence establishes that Alltmont charged $295 per hour for his work, while Forsyth and Title charged $325 per hour for their work on this matter.  The minimal amount of work performed by associate lawyers of their firm was billed at rates of $170 per hour, $125 per hour and $120 per hour, varying among the three associates involved according to their lesser years of experience.  It is well established that fees for paralegal time are recoverable as an element of reasonable attorney's fees, if the work performed is legal rather than clerical.  Mo. v. Jenkins, 491 U.S. 274, 288 (1989); Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008); Vela v. City of Houston, 276 F.3d 659, 681(5th Cir. 2001); Volk v. Gonzalez, 262 F.3d 528, 535 (5th Cir. 2001); Walker, 99 F.3d at 773; Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990).  Thus, the minimal time billed by the legal assistants or paralegals of the six lawyers identified above, three of whom worked on this matter, is charged at the rates of $95 per hour and $55 per hour, depending upon their experience and the nature of the tasks performed.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. LP&L, 50 F.3d at 328. Defendants have not contested the requested hourly rates. Based on Alltmont's affidavit and attached verified exhibits, my experience in this court in reviewing and evaluating numerous requests for awards of attorney's fees, my personal knowledge of the qualifications and skills of the attorneys involved, and my knowledge of attorneys' fee awards in this district, I find that the hourly rates requested by plaintiff's counsel for both themselves and their legal assistants are consistent with market rates in the New Orleans legal market for attorneys with the high level of skill and experience of these particular attorneys working on this type of case and are thoroughly reasonable.

Next, I must determine the reasonable number of hours that plaintiff's counsel expended on the litigation. The hours expended by the subject attorneys in this case are amply documented in detail in the substantial exhibits attached to NOP's motion. As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded. Watkins, 7 F.3d at 457. Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002) (citing Walker, 99 F.3d at 769); accord Hensley, 461 U.S. at 433-34. The fee seeker's attorneys

9

are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." Walker, 99 F.3d at 770.

Some cases, like this one, require that attorneys perform work on numerous claims, issues, or even proceedings, not all of which might independently or standing alone give rise to a basis for award of attorney's fees. In such cases, "[a] court need not segregate fees when the facts and issues are so closely interwoven" that they cannot be separated. Mota v. Univ. of Tex., 261 F.3d 512, 528 (5th Cir. 2001) (citation omitted). To determine whether claims are so interrelated that they cannot be separated, the court must ask whether the claims "included 'a common core of facts' or were 'based on related legal theories' linking them to the successful claim." Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992) (quoting Hensley, 461 U.S. at 435); accord Brady v. Fort Bend County, 145 F.3d 691, 717 (5th Cir. 1998); LP&L, 50 F.3d at 327. If the answer to this inquiry is "yes," then the prevailing party may recover for the fees reasonably incurred in pursuing or defending against the intertwined claims. Id. In his orders upon which this referral to me are based, Judge Duval has already answered this inquiry in the affirmative.

Based upon my review of the detailed contemporaneous entries on the invoices submitted by plaintiff, the number of hours and billing rates incurred in this matter as reflected in the evidence may be summarized as follows:

| Name | Job | Rate | Total Hours | Subtotal |
|---|---|---|---|---|
| Jack M. Alltmont | Lawyer/Partner | $ 295/hour | 265.60 | $ 78,352.00 |
| Peter S. Title | Lawyer/Partner | $ 325/hour | 315.45 | $ 102,521.25 |
| J. David Forsyth | Lawyer/Partner | $ 325/hour | 108.05 | $ 35,116.25 |
| April L. Watson | Lawyer/Associate | $ 170/hour | 4.75 | $ 807.50 |
| Brandon H. Robb | Lawyer/Associate | $ 125/hour | 11.50 | $ 1,437.50 |
| Renee Bourg | Lawyer/Associate | $ 120/hour | 18.00 | $ 2,160.00 |
| JMC Simmoneaux | Legal Assistant | $ 95/hour | 2.35 | $ 223.25 |
| Dixie L. Bordigan | Legal Assistant | $ 95/hour | 21.55 | $ 2,047.25 |
| Marta O. Brown | Legal Assistant | $ 55/hour | 9.75 | $ 536.25 |

Considering the affidavit of Alltmont stating in part that "[w]e have eliminated from the records time entries for work that we considered tangential and/or not properly included in this submission" and that "[w]e have lowered the bill totals to reflect those deletions," together with the attachments to the affidavit and the legal standards set out above, I find that plaintiff's counsel exercised appropriate billing judgment in reducing the quantum sought. Especially in light of the complexity of this matter and its importance in terms of the substantial amount in controversy (about $6,000,000), the hours expended by counsel were entirely reasonable, non-duplicative and more than

sufficiently documented, all as reflected in the detailed billing statements attached as exhibits to the motion.

Thus, both the hourly rates and the time expended by the attorneys, as reflected in the billing statement exhibits and adjusted downward, are reasonable and awardable. After eliminating the Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain for an adjustment analysis: the customary fee, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. The customary fee appears to be the fee reflected in the billing statements and has already been evaluated in establishing a reasonable hourly rate. The nature and length of the professional relationship between NOP and its attorneys is unknown but is of minimal importance in this overall context. The case was not undesirable. Accordingly, I find that the lodestar amount of attorney's fees in the amount of $223,201.25 sought by NOP is reasonable and awardable.

As to costs, my research has located no case that sets or discusses a standard under Louisiana law for determining the amount of a contractually based award of litigation costs, beyond the simple statement that "[t]he contract provides that the purchaser would be liable for attorney's fees and costs. We interpret that provision to include all fees and costs required to litigate any controversy arising out of the contract." Rabin v. Blazas, 537 So. 2d 221, 225 (La. App. 4th Cir. 1988). Defendants do not contest either the

12

reasonableness or the necessity of the costs sought by NOP. As with their fee submission, plaintiff's evidence (specifically, at Exhibit B) establishes that some costs incurred, including photocopies, have reasonably been deleted from plaintiff's award request. Applying the same reasonableness standard discussed above, I find that the reimbursable costs reflected in the billing statements of counsel in the amount of $27,627.39 for this matter are reasonable and were necessarily incurred as litigation costs.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendants pay NOP $250,828.64 in costs, including reasonable attorney's fees and other reimbursable expenses, all as reflected in the billing statements of counsel and the other exhibits filed herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  23rd  day of March, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.